**Sheila A. STONE, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF SAR-ANAC CENTRAL SCHOOL DIS-TRICT, Defendant–Appellee.**

No. 05–2480–CV.

United States Court of Appeals, Second Circuit.

Nov. 2, 2005.

Scott Lieberman, DeLorenzo Law Firm, LLP, Schenectady, NY, for Appellant.

Eileen M. Haynes, Bartlett, Pontiff, Stewart & Rhodes, P.C., Glen Falls, NY, for Appellee.

Present: KEARSE, MINER and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED.**

Plaintiff Sheila A. Stone appeals from an April 21, 2005 decision and order of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*) granting defendant's motion for summary judgment and dismissing her age discrimination claims brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.

In the District Court proceeding, plaintiff alleged that in 2002 she was denied employment as a full-time elementary school teacher at Morrisonville Elementary School in the Saranac Central School District on the basis of being forty years of age or older.[1] In support of her claim, plaintiff asserted, *inter alia*, that (1) the two younger candidates who were hired in her place were substantially less qualified; (2) that the Morrisonville Elementary School had a statistical track record of favoring younger applicants; (3) that the hiring committee intentionally destroyed documents tending to show that she was the best candidate for the open positions; (4) that the hiring committee failed to include a former elementary school principal who would have championed plaintiff's ap-

plication; and (5) that the hiring committee improperly used the date of plaintiff's teaching certification as a proxy for discriminating against her on the basis of age.

Reiterating many of the same arguments on appeal, plaintiff contends that the District Court erred in granting summary judgment and refusing to allow plaintiff to proceed to a jury trial on a "mixed motive" theory of discrimination because she raised genuine issues of material fact as to whether defendant's purported age-neutral explanations for its hiring decision were merely pretextual. Plaintiff asks this Court to reverse the District Court's decision that she failed to present any evidence—either direct, statistical, or circumstantial—tending to establish that age discrimination was "more likely than not" a motivating factor in defendant's hiring decision.

We review appeals from a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *See, e.g., James v. New York Racing Ass'n*, 233 F.3d 149, 152 (2d Cir.2000). "Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell[ ] Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir.2001). Accordingly, " 'the non-moving party may not rely on conclusory allegations or unsubstantiated speculation.' " *Id.* (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998)).

Once plaintiff made out a prima facie case of age discrimination under the ADEA and defendant proffered valid age-neutral explanations for its hiring deci-

---

1.   Plaintiff was fifty years old at the time of the      challenged hiring decision.

sion—namely, that plaintiff interviewed poorly and did not demonstrate sufficient familiarity with newer teaching methods— plaintiff was required to show that defendant's stated reasons were merely a pretext for age discrimination. *See, e.g., James*, 233 F.3d at 154; *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224–25 (2d Cir.1994).

Upon our *de novo* review of the record, we agree with the District Court's conclusion that plaintiff failed to present sufficient evidence from which a reasonable factfinder could conclude both (1) that defendant's stated reason for selecting other qualified candidates is false and (2) that age discrimination was an animating force behind defendant's decision not to hire plaintiff. *See Gallo*, 22 F.3d at 1225 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516–17, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). Even if plaintiff could establish that defendant somehow inaccurately assessed her public speaking and teaching skills or improperly selected other candidates on the basis of their previous ties to Morrisonville Elementary School, such allegations would not support a cause of action under the ADEA. Moreover, in reaching our conclusion we are mindful of the need to "respect the employer's unfettered discretion to choose among qualified candidates," *Byrnie*, 243 F.3d at 103 (quoting *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir. 1996)), and will not "act as a super personnel department that second guesses employers' business judgments," *id.* (quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir.1999)) (internal quotation marks omitted).

Regarding plaintiff's theory of "mixed motive" discrimination, it is well-settled that "to warrant a mixed-motive burden shift, the plaintiff must be able to produce a 'smoking gun' or at least a 'thick cloud of smoke' to support his allegations of discriminatory treatment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 61 (2d Cir.1997). Because plaintiff failed to present sufficient evidence to raise a genuine issue of material fact concerning whether defendant's decision was motivated, even in part, by age-related animus, the District Court properly granted summary judgment in relation to plaintiff's "mixed motive" claim.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**